JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

Attachment 2

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Flor C. Buruca

**(b)** County of Residence of First Listed Plaintiff  N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joseph A. Malouf
244 Main St. Second Fl. Gaithersburg MD

## DEFENDANTS

United States of America
Federal Bureau of Investigations

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure |    28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Tort Claims Act (FTCA)
Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE 2/24/2020

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FLOR C. BURUCA
5815 14^(TH) STREET, N.W.
APT. 244
WASHINGTON, DC 20011,

                Plaintiff,

v.

UNITED STATES OF AMERICA
FEDERAL BUREAU OF INVESTIGATIONS
601 4^(TH) STREET, N.W.
WASHINGTON, DC 20535,

      Serve:

      **Timothy J. Shea, Esquire**
      **United States Attorney for the**
      **District of Columbia**
      **555 4th Street, N.W.**
      **Washington, DC 20530**

      **and**

      **William Barr**
      **United States Attorney General**
      **U.S. Department of Justice**
      **950 Pennsylvania Avenue, NW**
      **Washington, DC 20530-0001**

          Defendant.

CASE NO.: 1: 20-cv-00543

## CIVIL COMPLAINT

### *Jurisdiction*

1. This Court has jurisdiction over the subject matter pursuant to Federal Tort Claims Act,

    28 USC § 1346(b), as amended.

2. Venue is proper in this court as the acts complained of in connection with this case

    occurred in the District of Columbia.

{00049012.DOCX}

### *Parties*

3.  Plaintiff Flor C. Buruca [hereinafter "Plaintiff"] is a citizen of the state of the District of Columbia, and who at all times relevant herein, sustained multiple injuries while crossing a city street while on the pedestrian crosswalk.

4.  Defendant United States of America [*hereinafter* Defendant "USA"] owns and maintains the Federal Bureau of Investigation [hereinafter the "FBI"] and it employs Special Agent Thomas M. Malinky who at all time relevant herein was acting within the scope of his employment with the FBI and the United States of America.

### *Facts*

5.  On or about August 18, 2017 at approximately 6 AM, the Plaintiff was crossing 16th Street, N.W. at its intersection with Nicholson Street in the District of Columbia.

6.  At approximately said time and place, the Plaintiff was crossing lawfully on the pedestrian crosswalk and had therefore the right of way.

7.  At approximately said time and place, Defendant's Special Agent Malinky was operating a government vehicle while in the course of his employment on 16th Street, N.W. driving southbound near the intersection with Nicholson Street.

8.  At approximately said time and place, an unknown vehicle who saw the Plaintiff on the pedestrian crosswalk stopped his car for the Plaintiff pedestrian as required by law.

9.  At approximately said time and place, however, the Defendant's Special Agent Malinky, contrary to the car next to him, decided to go through the intersection notwithstanding the fact that Plaintiff was on the crosswalk, and that the law required him to yield the right of way to the Plaintiff.

{00049012.DOCX}

10. At approximately said time and place, the District of Columbia police officer Emmanuel

Olatunji who investigated the accident asked the Defendant's Special Agent Malinky

why he did not stop for the pedestrian Plaintiff, to which Agent Malinky responded:

"**. . . due to the obstruction caused by vehicle on the left, [I] was unable to see**

**[the pedestrian] and struck the [pedestrian]"**

11. Defendant's Agent Malinky had a duty to stop and not proceed through the intersection

without being able to see if pedestrians were already on the crosswalk.

12. Notwithstanding, Agent Malinky struck the Plaintiff with his vehicle with great force and

violence causing her to suffer serious injuries including bruises, compression injuries

and other serious and permanent injuries.

## COUNT I
### (Negligence)

13. Plaintiff incorporates all of the allegations above and further alleges that upon

information and belief, Defendant Malinky was negligent when he (a) failed to keep

his vehicle under proper control to pay full time and attention to operation of the

vehicle; (b) failed to keep a proper lookout failing to see the Plaintiff who was there

to be seen; (c) failed to operate his vehicle at a reasonable speed under the

circumstances; (d) failed to make certain that his path was clear when operating his

vehicle; (e) failed to stop and yield the right of way to Plaintiff as required by D.C.

law; (f) failed to timely apply his brakes; and (g) failed to otherwise comply with the

laws of the District of Columbia with regard to the operation of a motor vehicle on

the highways of the District of Columbia.

14. Notwithstanding said duties and in breach thereof, Defendant, through its agent, was

careless, reckless and negligent in the operation of the vehicle directly causing

{00049012.DOCX}

Plaintiff to suffer from serious injuries; to incur medical expenses; to suffer from lost wages; and to anguish and pain and suffering.

15. As a further direct and proximate cause of Defendant's negligence, Plaintiff sustained serious and permanent injuries; has been prevented from working; has incurred and will continue to incur medical expenses; and has suffered and will continue to suffer physical pain and mental anguish.

16. Some of Plaintiff's injuries are permanent in nature.

WHEREFORE, Plaintiff Flor C. Buruca demands judgment against Defendant the United States of America in the full and just amount of ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00) DOLLARS plus the costs of this action.

Respectfully submitted,

/s/ Joseph A. Malouf
JOSEPH A. MALOUF, ESQUIRE
MALOUF & ASSOCIATES, PC
244 Main Street, Third Floor
    Gaithersburg, MD 20878
(301) 947-8998 phone
(301) 947-8997 fax
Joseph@attorneymalouf.com
DC Bar No.: 428012
Attorney for Plaintiff

{00049012.DOCX}